UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEN BROWNE,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>  Defendant. | No. 2:14-cv-1138-EFB<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. For the reasons discussed below, plaintiff's motion is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I.   BACKGROUND

Plaintiff protectively filed an application for SSI on November 9, 2010, alleging that she had been disabled since November 15, 2009. Administrative Record ("AR") 79, 151-159. Her application was denied initially and upon reconsideration. *Id.* at 99-102, 106-110. On November 13, 2012, a hearing was held before administrative law judge ("ALJ") Amita Tracy. *Id.* at 35-70. Plaintiff was represented by counsel at the hearing, at which she and a vocational expert ("VE") testified. *Id.*

On November 28, 2012, the ALJ issued a decision finding that plaintiff was not disabled under section 1614(a)(3)(A) of the Act.[1] *Id.* at 21-30. The ALJ made the following specific findings:

1. The claimant has not engaged in substantial gainful activity (SGA) since November 9, 2010, the protective filing date (20 CFR 416.971 *et seq.*).

    * * *

2. The claimant has the following severe impairments: crushed disc and neck surgery performed on October 15, 2009 (Exhibit 1F/19-21); cervical myopathy; cholecystectomy performed on December 8, 2010 (Exhibit 3F/8-9); affective disorder (Exhibit 7F, 8F, 14F, 15F/8); degenerative disc disease (DDD) of the cervical spine (Exhibit 5f, 11f); irritable bowel syndrome (IBS); and obesity (height: 5'2" and weight: 226 pounds, based on

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

testimony) (20 CFR 416.920(c)).

* * *

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

* * *

4. After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity (RFC) to perform light work as defined in 20 CFR 416.967(b) except with the ability to do occasional overhead reaching bilaterally; and simple, routine, repetitive tasks.

* * *

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

* * *

6. The claimant was born on April 10, 1965 and was 45 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can performed (20 CFR 416.969 and 416.969(a)).

* * *

10. The claimant has not been under a disability, as defined in the Social Security Act, since November 9, 2010, the date the application was filed (20 CFR 416.920(g)).

*Id.* at 23-30.

Plaintiff's request for Appeals Council review of the ALJ's decision was denied on April 3, 2014, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-6.

/////

3

## II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## III. ANALYSIS

Plaintiff argues that the ALJ committed reversible error by (1) rejecting the opinions of her treating physicians; (2) discrediting plaintiff's testimony without clear and convincing reasons; (3) rejecting third-party statements without sufficient reasons; (4) failing to properly assess plaintiff's RFC; and (5) failing to pose a hypothetical question to the VE that included all of her impairments. ECF No. 15 at 7-24.

Plaintiff contends that the ALJ failed to provide sufficient reasons for rejecting the opinions from Drs. Alexander and Tarasenko, her treating physicians. ECF No. 15 at 15-18. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).

/////

1   Ordinarily, more weight is given to the opinion of a treating professional, who has a greater
2   opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d
3   1273, 1295 (9th Cir. 1996). To evaluate whether an ALJ properly rejected a medical opinion, in
4   addition to considering its source, the court considers whether (1) contradictory opinions are in
5   the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted
6   opinion of a treating or examining medical professional only for "clear and convincing" reasons.
7   *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional
8   may be rejected for "specific and legitimate" reasons that are supported by substantial evidence.
9   *Id.* at 830. While a treating professional's opinion generally is accorded superior weight, if it is
10  contradicted by a supported examining professional's opinion (e.g., supported by different
11  independent clinical findings), the ALJ may resolve the conflict. *Andrews v. Shalala*, 53 F.3d
12  1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).
13  However, "[w]hen an examining physician relies on the same clinical findings as a treating
14  physician, but differs only in his or her conclusions, the conclusions of the examining physician
15  are not 'substantial evidence.'" *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

16        Dr. Marsha Alexander, M.D., one of plaintiff's treating physicians, completed a chronic
17  pain residual functional capacity questionnaire. AR 425-28. Dr. Alexander diagnosed plaintiff
18  with degenerative disc disease of the cervical spine, post traumatic stress disorder, and shoulder
19  pain, and indicated a poor prognosis. *Id.* at 425. It was her opinion that plaintiff could sit for 30
20  minutes at one time; sit for a total of less than 2 hours in an 8-hour workday; stand for 1 hour at a
21  time; stand/walk for about 4 hours in an 8-hour workday; would need to walk every 30 minutes
22  for approximately 15 minutes, and would need to lie down 2-3 times in an 8-hour workday. *Id.* at
23  426-427. She further opined that plaintiff could frequently lift and carry less than 10 pounds and
24  occasionally lift 10 pounds; rarely twist, stoop, bend, crouch, and squat; never climb ladders; and
25  reach, handle, and finger for 20 percent of the time during an 8-hour workday. *Id.* at 427. She
26  also concluded that plaintiff would miss more than four days per month as a result of her
27  impairments. *Id.* at 428. Dr. Alexander stated that the earliest date the medical records support
28  these limitations was 2008. *Id.*

Dr. Alexander referred plaintiff to Dr. Valery Tarasenko, M.D., a pain management specialist. *Id*. at 492-519. Dr. Tarasenko diagnosed plaintiff with cervical post laminectomy syndrome, chronic neck pain and headaches. *Id*. at 521. She opined that plaintiff could sit for 20 minutes at a time and for about 4 hours in an 8-hour day, stand for 20 minutes at one time and stand/walk for about 4 hours in an 8-hour workday; would need to walk every 20 minutes for a 10 minute period; and would need to lie down 2-3 times in an 8-hour workday. *Id*. at 522. She further opined that plaintiff could rarely lift 10 pounds; never twist or climb ladders; and rarely stoop, bend, crouch, squat, or climb stairs. *Id*. at 522-523  Dr. Tarasenko also concluded that plaintiff did not have any limitations in reaching, handling, or fingering, and that plaintiff would miss about 4 days a month due to her impairments. *Id*. at 523.

The record also contains an opinion by Dr. Bill Payne, M.D., a nonexamining physician. AR 72-78. Dr. Payne opined that plaintiff could lift 10 pounds frequently and 20 pounds occasionally; stand, walk and sit for about 6-hours in an 8-hour workday, and push and pull without limitation. *Id*. at 71-72. He further opined that plaintiff was limited to occasionally reaching overhead. *Id*. at 74.

In assessing plaintiff's RFC, the ALJ gave "little weight" to the opinions of plaintiff's treating physicians, while adopting the physical limitations assessed by Dr. Payne. *Id*. at 28. As Drs. Alexander and Tarasenko's opinions were contradicted by Dr. Payne's opinion, the ALJ was required to give "specific and legitimate" reasons for rejecting their treating opinions. *See Orn*, 495 F.3d at 632. Giving little weight to Dr. Alexander's opinion, the ALJ pointed to what he described as an inconsistency between Dr. Alexander's 2012 RFC assessment, which opined that plaintiff was experiencing her limitations since 2008, and her February 2011 Solano County disability report in which he estimated that plaintiff would be able to return to work by August 1, 2011. AR 28. While an ALJ may reject a treating physician's opinion that is inconsistent with other medical evidence, including the physician's own treatment notes, *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008), it is not clear that Dr. Alexander's statements are necessarily inconsistent. While the 2011 statement was an estimate of a return to work date, it was not a definite medical finding that plaintiff was in fact able to do so on that date. In both documents,

Dr. Alexander indicated that plaintiff suffered from debilitating impairments dating back to 2008. Although she estimated in the disability report that plaintiff would be able to return to work in August 2011, six months after she completed the report, there is no indication from the record that plaintiff's impairments did in fact improve over this six month period. Thus, the evidence suggests that Dr. Alexander was simply incorrect in her estimated projection that plaintiff's impairments would sufficiently improve over the course of six months to allow plaintiff to return to work in August 2011. There does not appear to be evidence in the record of any subsequent examinations or findings to suggest that her 2012 opinion that plaintiff has continuously suffered from debilitating impairments since 2008 was, in fact, erroneous. While the issue presents a close question here,[2] the court need not resolve it at this point. As noted below, the case must be remanded for other reasons.

Plaintiff also argues that the ALJ failed to provide legally sufficient reasons for rejecting Dr. Tarasenko's opinion. ECF No. 15 at 17-18. The ALJ provided the following explanation for his treatment of Dr. Tarasenko's opinion: "This opinion is given little weight, as it is not consistent with the evidence." AR 28. This conclusory statement falls short of satisfying the specific and legitimate standard. An ALJ may satisfy his burden of providing specific and legitimate reasons for rejecting a contradicted medical opinion "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Embrey v. Bowen*, 849 F.2d 418, 421 (1988). As explained by the Ninth Circuit:

> To say that medical opinions are not supported by sufficient objective findings does not achieve the level of specificity our prior cases have required even when the objective factors are listed seriatim. The ALJ must do more than offer his own conclusions. He must set forth his own interpretation and explain why he, rather than the doctors, are correct.

*Regenniter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999).

---

[2] As argued by the Commissioner, "[w]here the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 595 (9th Cir. 1999).

Here, the ALJ offered only his conclusion that Dr. Tarasenko's opinion is inconsistent with the evidence of record, but fails to specifically identify any portions of the record that are inconsistent with his opinion. The ALJ did not set forth her interpretation of the evidence and explain why such evidence undermines Dr. Tarasenko's opinion. The ALJ's conclusory dismissal of Dr. Tarasenko's opinion does not constitute a specific and legitimate reason for rejecting her opinion.

Accordingly, the ALJ failed to provide specific and legitimate reasons, supported by substantial evidence, for rejecting Dr. Tarasenko's treating opinion. Therefore, the matter must be remanded for further consideration.[3]

IV.    CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further proceedings consistent with this order; and

4. The Clerk is directed to enter judgment in the plaintiff's favor.

DATED: September 29, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Because the court finds that remand is necessary for further consideration of the medical evidence, the court declines to address plaintiff's additional arguments.